IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLES MONTAGUE,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )
                                     )        Case No. 3:10-cv-00443
CORRECTIONS CORPORATION OF           )
AMERICA, et al.,                     )        Judge Campbell/Brown
                                     )        **Jury Demand**
                                     )
        Defendants.                  )

To:    The Honorable Todd J. Campbell, Chief Judge

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is the Plaintiff's Request for a Temporary

Restraining Order (Docket Entry 29) and Plaintiff's Amended Motion for Temporary Restraining

Order/Temporary Injunction (Docket Entry 47). Defendants have filed Responses in Opposition

to the original motion. (Docket Entries 37, 39, 43).[1] For the reasons set forth below, the

Magistrate Judge **RECOMMENDS** Plaintiff's Motions be **DENIED**.

## I. INTRODUCTION

The Plaintiff, an inmate of the Tennessee Department of Correction housed at South

Central Correctional Facility ("SCCF"), brings this civil rights action based on a number of

allegations. Plaintiff alleges Defendants violated his rights to due process and equal protection

under the First, Eighth and Fourteenth Amendments to the United States Constitution, as well as

---

[1] The Defendants have not filed Responses to Plaintiff's Amended Motion.

1

18 U.S.C. §§ 1702, 1708 and 1709 by obstructing his receipt of mail and by stealing his mail.

He also alleges Defendants violated his right to the free exercise of religion and equal protection

arising out of the First, Eighth and Fourteenth Amendments, as well as 42 U.S.C. § 2000cc, the

Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") by disallowing

certain aspects of his Muslim religious celebrations.  Finally, Plaintiff alleges his rights under the

Eighth and Fourteenth Amendments, Article I § 32 of the Tennessee Constitution, and 18 U.S.C.

§ 3626 were violated by the physical conditions of his confinement.  Plaintiff is seeking a

temporary restraining order ("TRO") to:

1.  condemn the corner cells at SCCF as unfit for human habitation in order to immediately remove mold from the ceilings and walls, fix leaky and rusty windows, and paint rusty bunk beds;

2.  dispose of all old food trays and replace with new trays and monitor the food trays for excessive water being served with food; and

3.  allow the Muslim community at SCCF to pool funds to purchase the food requested for the Eid ul-Fitr and Eid Adha banquets.

Because Plaintiff has not met the requirements for imposing a TRO, the Magistrate Judge

recommends this request be denied.

## II.  LEGAL DISCUSSION

The Court must consider four factors in determining whether to issue a TRO or

preliminary injunction.  Those factors are:

(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay.

*Ne. Ohio Coal. fo*r *the Homeless and Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1099 (6th Cir. 2006). Plaintiff has not persuaded the Magistrate Judge that a TRO should be issued based on these factors.

First, Plaintiff has not demonstrated he has a strong likelihood of success on the merits. Plaintiffs' first two claims essentially allege that he has been subjected to cruel and unusual punishment, in violation of his rights under the Eighth Amendment, based on prison conditions. This type of claim must show there was an "'unnecessary and wanton infliction of pain'" to constitute a violation. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977); *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005). There is both an objective and a subjective to component to this type of claim. The objective component requires that the pain be "sufficiently serious." *Talal*, 403 F.3d at 426. To satisfy the subjective component, plaintiffs must show that the prison officials had "a sufficiently culpable state of mind," one in which "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Here, Plaintiff has simply not shown that there is a sufficiently serious risk to his health imposed by the prison conditions, much less that prison officials acted with anything more than mere negligence.

Plaintiff also alleges his First Amendment right to free exercise of his religion has been violated by restrictions placed by the prison on religious banquets. As a general rule, a prison regulation that limits or impinges inmates' constitutional rights "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Plaintiff has also alleged that Defendants' conduct violated the Religious Land Use and Institutionalized

3

Persons Act of 2000 (RLUIPA), 42 U.S.C.A. § 2000cc-1(a). RLUIPA bars any "substantial burden on the religious exercise of a person residing in or confined to an institution," unless that burden "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C.A. § 2000cc-1(a). The plaintiff bears the burden of alleging that "the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion." 42 U.S.C.A. § 2000cc-2(b). *See also Living Water Church of God v. Charter Twp. Meridian*, 258 Fed. Appx. 729 (6th Cir. 2007). Plaintiff has not shown that the restriction on the number of special items to be served at the Eid ul-Fitr and Eid Adha banquets would substantially burden Plaintiff's exercise of his religion. Neither has Plaintiff shown that disallowing the pooling of funds, such that inmates that cannot afford to pay for their meal may not participate, substantially burdens *Plaintiff's* exercise of his religion.[2]

Even if Plaintiff's claims did have a strong likelihood of success on the merits, the Magistrate Judge believes Plaintiff has not shown he would be irreparably harmed absent the requested relief. If a court finds that a constitutional right is threatened or impaired, a finding of irreparable injury is mandated. *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001). Here, however, an analysis of Plaintiff's claims indicates that Plaintiff has not shown that his constitutional rights have been unlawfully impaired. As described above, Plaintiff's claims simply do not rise to the level of a constitutional violation in

---

[2] While Plaintiff purports to represent a class, he may not do so for reasons stated in the Magistrate Judge's order dated July 15, 2010. (Docket Entry 42). The Magistrate Judge takes no position on whether other inmates' exercise of their religion might be substantially burdened in this circumstance.

4

this case, and an inmate's constitutional rights may be impaired for legitimate penological interests.

### III.  CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** Plaintiff's Motion and Amended Motion for a Temporary Restraining Order be **DENIED**.  (Docket Entries 29, 47)

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein.  Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this  8th day of September, 2010.

/S/  Joe B. Brown

Joe B. Brown
United States Magistrate Judge

5