IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES MONTAGUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:10-cv-00443 |
| ) | |
| v. ) | Judge Campbell/Brown |
| ) | **Jury Demand** |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Currently pending before the Magistrate Judge is Defendant Access Securepak's ("Access") Motion to Dismiss (Docket Entry 27). Access has also filed a Memorandum in support of its Motion. (Docket Entry 28). Access filed this Motion on July 6, 2010, and Plaintiff has not filed a Response. For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Defendant's Motion be **GRANTED** and that Plaintiff's claims against Defendant Access Securepak be **DISMISSED with prejudice**.

### I. INTRODUCTION

The Plaintiff, an inmate of the Tennessee Department of Corrections housed at South Central Correctional Facility ("SCCF"), brings this civil rights action based on a number of allegations. Plaintiff alleges Defendants violated his rights to due process and equal protection under the First, Eighth, and Fourteenth Amendments to the United States Constitution, as well as 18 U.S.C. §§ 1702, 1708 and 1709 by obstructing his receipt of mail and by stealing his mail.

1

He also alleges Defendants violated his right to the free exercise of religion and equal protection arising out of the First, Eighth, and Fourteenth Amendments, as well as 42 U.S.C. § 2000cc, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") by disallowing certain aspects of his Muslim religious celebrations. Plaintiff further alleges that his rights under the Eighth and Fourteenth Amendments, Article I § 32 of the Tennessee Constitution, and 18 U.S.C. § 3626 were violated by the physical conditions of his confinement. Finally, Plaintiff amended his complaint to allege that his rights under the Fourth and Fourteenth Amendments were violated when Defendants confiscated a typewriter he owned.[1]

## II. LEGAL DISCUSSION

As an initial matter, the Magistrate Judge notes that Plaintiff has not filed a response to the pending motion. Particularly in light of Plaintiff's *pro se* status, the Magistrate Judge has nonetheless reviewed the motion on its merits.

### A. Standard of Review for Motion to Dismiss

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and

---

[1] As noted in the Magistrate Judge's Order granting the amendment, the merits of the pending motion are not affected by Plaintiff's amendment of his Complaint. (Docket Entry 59).

the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id.* *See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56. In other words, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

Here, Defendant Access argues that Plaintiff has failed to allege any wrongdoing against Access. While Plaintiff purports to allege Defendant Access has violated his rights under the First, Eighth, and Fourteenth Amendments, as well as obstructed Plaintiff's access to his mail in violation of 18 U.S.C. §§ 1702, 1708, and 1709.[2] The Magistrate Judge agrees with Defendant Access and believes the Motion to Dismiss should be granted.

Plaintiff alleges he did not receive a Christmas gift package his relatives sent to him using Access Securepak, a company that is allowed by contract to deliver food packages to inmates in Tennessee. Plaintiff claims that the package was delivered to SCCF and thereafter lost, stolen, or given to someone else. Plaintiff simply makes no factual allegations that Access

---

[2] It is unclear from the Amended Complaint whether Plaintiff has alleged RLUIPA claims against Defendant Access. As Plaintiff's RLUIPA allegations concern a different set of facts than those alleged against Access, the Magistrate Judge believes such a claim should be dismissed as to Access, to the extent it has been alleged.

3

has wronged him. In fact, in Kenneth Jackson's affidavit, attached to Plaintiff's Amended Complaint, Jackson, one of Plaintiff's family members who ordered the package, noted that an Access employee had attempted to assist him by calling SCCF to ascertain the location of the package. It is clear from the Amended Complaint that Access did not prevent Plaintiff from receiving his package.

In addition, even if Access had wronged Plaintiff, Plaintiff has not alleged legal claims that could be pursued against Access. Plaintiff's claims that his constitutional rights were violated, asserted under 28 U.S.C. § 1983, would fail because Access is not a person acting under color of state law. *See*, *e.g.*, *Miller v. Access Securepak*, 2007 WL 4239545, *2 (E.D. Cal. Dec. 3, 2007) (dismissing § 1983 claim against Access Securepak, as Access did not act under color of state law). Moreover, Plaintiff's claims under 18 U.S.C. §§ 1702, 1708, and 1709 fail because these are criminal statutes for which there is no private right of action. *See*, *e.g.*, *Bagguley v. Barr*, 893 F. Supp. 967, 971 (D. Kan. 1995) (no private right of action under 18 U.S.C. § 1702); *Robinson v. Joya*, 2010 WL 890437, *11 (E.D. Cal. Mar. 8, 2010) (no private right of action under 18 U.S.C. §§ 1702, 1708).

### III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendant Access's Motion to Dismiss be **GRANTED** and that Plaintiff's claims against Defendant Access Securepak be **DISMISSED with prejudice**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any

4

party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 30th day of September, 2010.

/S/ Joe B. Brown

Joe B. Brown
United States Magistrate Judge