IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHARLES MONTAGUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:10-cv-0443 |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, et al., | ) | Judge Campbell/Brown |
| | ) | **Jury Demand** |
| | ) | |
| Defendants. | ) | |

To: The Honorable Todd J. Campbell, Chief Judge

### REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is Plaintiff's Second Request for Injunctive Relief. (Docket Entry 85). Defendants have filed Responses in opposition. (Docket Entries 98, 102). Plaintiff has also filed two requests for a hearing on his Motion. (Docket Entries 86, 104). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** all Plaintiff's Motions be **DENIED**.

I. INTRODUCTION AND BACKGROUND

Plaintiff previously filed a Motion for a Temporary Restraining Order/Temporary Injunction. (Docket Entry 47). The Magistrate Judge recommended denial of that Motion, which was adopted and approved. (Docket Entry 54, 69). Plaintiff's currently pending Motion is

1

not significantly different in content than his original Motion, and the Magistrate Judge has therefore referred to his previous Report and Recommendation for the relevant facts and law. (Docket Entry 54).

In his Complaint, Plaintiff complains of several alleged civil rights violations that have occurred since he has been housed at the Tennessee Department of Correction's South Central Correctional Facility ("SCCF"). Plaintiff's previous request for a temporary restraining order ("TRO") sought injunctive relief condemning certain cells at SCCF as unfit for human habitation due to mold, leaky and rusty windows, and rusty bunk beds; discontinuing the use of old food trays; and allowing the Muslim community at SCCF to pool funds to purchase food for Eid ul-Fitr and Eid Adha banquets. (Docket Entry 47). The undersigned recommended denying the request for a TRO because Plaintiff could show neither a strong likelihood of success on the merits nor irreparable harm absent the requested relief. (Docket Entry 54).

In the pending Motion, Plaintiff seeks an order requiring: (1) that he be transferred to a prison with an "adequate law library;" (2) that SCCF purchase certain law books immediately; and (3) that SCCF repair the roofs of the inmate housing units, paint cells, and repair the ceilings and windows of each unit. (Docket Entry 85).

## II. LEGAL DISCUSSION

Four factors must be considered in determining whether to issue a TRO or preliminary injunction. Those factors are:

> (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause    substantial harm to others, and (4) whether the public interest would be served by granting the stay.

2

*Ne. Ohio Coal. for the Homeless and Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1099 (6th Cir. 2006). As in his prior request, Plaintiff has not persuaded the Magistrate Judge that a TRO or preliminary injunction should be issued in this case.

Plaintiff has not demonstrated that he has a strong likelihood of success on the merits. Plaintiff's first two claims, related to his access to law library materials, are premised on his constitutional right to meaningful access to the courts. Prison officials must provide affirmative assistance in the preparation of legal materials in a prisoner's civil rights and constitutional claims regarding his incarceration. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). This affirmative burden requires the officials to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from trained legal professionals. *Glover v. Johnson*, 75 F.3d 264, 268-69 (6th Cir. 1996). In order for a prisoner to succeed on a claim for lack of access, the prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis*, 518 U.S. at 351-55. *See also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff argues that SCCF does not have legal reference materials related to certain pretrial procedures, including proposed jury instructions and verdict forms, stipulations, and pretrial narrative statements. Plaintiff requested and was denied several law books on these matters. Plaintiff has not, however, alleged that he has suffered injury in this case as a result of this lack of access. In fact, Plaintiff stated he "considers himself adequately knowledgeable of the law . . . inthat [sic] for 16 years he has been utilizing his knowhow, in both Civil and Criminal Courts in Federal and State." (Docket Entry 85). Plaintiff has shown himself quite capable of prosecuting this case, filing the two motions for injunctive relief, requesting and

3

receiving modification of the discovery deadlines (Docket Entries 53, 82, 89, 99), and drafting requests for admissions (which were mistakenly filed with the Court at Docket Entry 105), among other documents. Plaintiff has not shown that he has suffered any actual prejudice in this case by his lack of access to the materials requested.

Plaintiff has again raised the issue of the physical condition of inmate cells at SCCF. As noted in the previous Report and Recommendation (Docket Entry 54), Plaintiff essentially alleges that he

> has been subjected to cruel and unusual punishment, in violation of his rights under the Eighth Amendment, based on prison conditions. This type of claim must show there was an "'unnecessary and wanton infliction of pain'" to constitute a violation. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977); *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005). There is both an objective and a subjective to component to this type of claim. The objective component requires that the pain be "sufficiently serious." *Talal*, 403 F.3d at 426. To satisfy the subjective component, plaintiffs must show that the prison officials had "a sufficiently culpable state of mind," one in which "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

(Docket Entry 54). Plaintiff has not included any new allegations showing the prison officials acted with any state of mind greater than, at most, negligence.

As discussed in the prior Report and Recommendation,

> even if Plaintiff's claims did have a strong likelihood of success on the merits, the Magistrate Judge believes Plaintiff has not shown he would be irreparably harmed absent the requested relief. If a court finds that a constitutional right is threatened or impaired, a finding of irreparable injury is mandated. *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001).

4

(Docket Entry 54). An analysis of Plaintiff's current claims indicates that Plaintiff has not shown that his constitutional rights have been unlawfully impaired. As described above, Plaintiff's claims simply do not rise to the level of a constitutional violation, and an inmate's constitutional rights may be impaired for legitimate penological interests.

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** Plaintiff's Second Request for Injunctive Relief (Docket Entry 85) be **DENIED**. Accordingly, the Magistrate Judge **RECOMMENDS** Plaintiff's Motions for a Hearing on this Request (Docket Entries 86, 104) also be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 4th day of March 2011.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge